UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON BLACHER, CDCR #G-50077, <br><br> Plaintiff, <br><br> v. <br><br> RALPH DIAZ, et al., <br><br> Defendants. | Case No.: 3:20-cv-1270-LAB-MDD <br><br> **ORDER RE PLAINTIFF'S NOTICE OF APPEAL AND DUTY TO PROSECUTE** <br><br> **[ECF No. 6]** |

On September 23, 2020, the Court granted Plaintiff's Motion to Proceed In Forma Pauperis, denied his Motion for a Temporary Restraining Order, sua sponte dismissed as frivolous portions of his Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and directed the U.S. Marshal to effect service upon Defendants Villa, Rohotas, Goodson, Allegre, and Cowey. *See* ECF No. 5. The Clerk has issued a summons as to those parties and has provided Plaintiff with directions and U.S. Marshal 285 forms so that he may execute that service within the 90 days permitted by Fed. R. Civ. P. 4(m). *See* ECF No. 9, 9-1.

On October 5, 2020 however, Plaintiff filed a Notice of Appeal. *See* ECF No. 6. His appeal was assigned USCA Case No. 20-56039, and a Time Schedule Order was issued by the Ninth Circuit on October 7, 2020. *See* ECF Nos. 7–8.

1

But a notice of appeal from a non-final, non-appealable order does not divest the district court of jurisdiction and the court may disregard it and proceed to adjudicate the case. *Ruby v. Secretary of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966). Plaintiff's attempt to appeal this Court's September 23, 2020 Order does not deprive it of jurisdiction to proceed because that Order is non-final. *See Martinez v. Barr*, 941 F.3d 907, 915 (9th Cir. 2019) (citing *Marshall v. Sawyer*, 301 F.2d 639, 643 (9th Cir. 1962) (noting that orders dismissing complaints without dismissing the entire action are not appealable)). An order of dismissal is not final unless it "(1) is a full adjudication of the issues, and (2) clearly evidences the judge's intention that it be the court's final act in the matter." *Elliott v. White Mountain Apache Tribal Court*, 566 F.3d 842, 846 (9th Cir. 2009) (quoting *Nat'l Distribution Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997)). While the Court found some of Plaintiff's claims frivolous, it nonetheless determined others were sufficient to plead a plausible claim for relief, and in its September 23, 2020 Order, directed the U.S. Marshal to effect service as to those claims on Plaintiff's behalf. *See* ECF No. 5 at 10, 13, 16.

Therefore, Plaintiff should treat this case as active and ongoing. The Court's September 23, 2020 Order remains operative unless amended or suspended by this Court or the Ninth Circuit. Plaintiff is advised, however, that he must timely effect service upon Defendants Villa, Rohotas, Goodson, Allegre, and Cowey via the U.S. Marshal, or he may *later* face final dismissal pursuant to Fed. R. Civ. P. 4(m). *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (noting that although an incarcerated plaintiff proceeding pro se and in forma pauperis may rely on the Marshal for service, he nevertheless must provide the necessary information to help effectuate service), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); S.D. Cal. CivLR 4.1.c ("Where service of a summons and pleading is to be made by the United States marshal upon a person or entity, the party at whose request the summons issued is responsible for providing the United States marshal's office with the appropriate instructions regarding the person upon whom service is to be made, in what capacity the service is to be made (official or

2

3:20-cv-1270-LAB-MDD

individual), and at what address service is to be made. Failure to comply with these instructions may cause the marshal not to perform service.").

**IT IS SO ORDERED**.

Dated: October 8, 2020

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge