UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON BLACHER,<br><br>                              Plaintiff,<br><br>v.<br><br>RALPH DIAZ, et al.,<br><br>                              Defendants. | Case No.:  20cv1270-LAB-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>[ECF No. 22] |

On February 1, 2021, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, moved the Court to appoint counsel.  (ECF No. 22).  In support, Plaintiff explains that he has "no actual access to a law library" and thus has no access to "document duplication service, pleading paper, ink pen, means for legal research, etc."  (*Id.* at 1-2).  Plaintiff further alleges mail obstruction by the jail staff.  (*Id.* at 2).  Plaintiff argues that given his incarceration and lack of legal training, he will not know the proper motions or pleadings to file, and he will be unable to locate and interview witnesses.  (*Id.* at 3).

District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may

request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Circumstances common to most prisoners, such as lack of legal education and limited law library access do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. (ECF No. 22 at 1, 3); *see e.g., Wood*, 900 F.2d at 1335-36 (affirming denial of appointment of counsel where plaintiff lacked legal education and had limited law library access); *Galvan v. Fox*, No. 2:15-cv-01798-KJM (DB), 2017 U.S. Dist. LEXIS 56280, at *23 (E.D. Cal. Apr. 12, 2017).

The Court is sympathetic to Plaintiff's challenges in litigating his case while incarcerated. However, Plaintiff has not indicated exceptional circumstances that would justify appointment of counsel. Although Plaintiff's remaining claims were sufficient to survive screening, Plaintiff has not yet demonstrated a likelihood of success on the merits. *See Wilborn*, 789 F.2d at 1331. A review of Plaintiff's Complaint indicates that Plaintiff is capable of articulating and pursuing his remaining claims, which are not overly complex. Further, the challenges described by Plaintiff are not related to the complexity of the issues involved in Plaintiff's case, but rather are the types of challenges many *pro se* litigants face, as *pro se* litigants are rarely in a position to easily investigate the facts necessary to support their cases. (ECF No. 22 at 3) (describing Plaintiff's lack of formal legal training and trial

experience, lack of knowledge regarding the use of expert witnesses, and inability to locate and interview witnesses); *see Wilborn*, 789 F.2d 1328 at 1331 (affirming denial of appointment of counsel where the difficulties plaintiff experienced in litigating his case did not derive from the complexity of the issues in the case.).

Accordingly, the Court finds that Plaintiff has failed to plead facts sufficient to show the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and therefore **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel.

**IT IS SO ORDERED.**

Dated:   February 4, 2021

Hon. Mitchell D. Dembin
United States Magistrate Judge