UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON BLACHER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 20cv1270-LAB-MDD<br><br>**ORDER GRANTING IN PART DEFENDANTS' EX PARTE MOTION TO STAY**<br><br>[ECF No. 24] |

On February 25, 2021, Defendants filed an *Ex Parte* Application to Modify the Scheduling Order, requesting that the case be stayed pending Plaintiff's return to California. ECF No. 24. As noted in the Order Setting Briefing Schedule, the Court construes Defendants' *Ex Parte* Application to Modify the Scheduling Order as a motion to stay. *See* ECF No. 25. Plaintiff filed a response disputing some of the facts regarding his criminal case(s) in Florida, but these facts have no bearing on the motion to stay. *See* ECF No. 27. Plaintiff also requests that counsel be appointed. *Id*. at 3.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of [] sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In determining whether to grant a stay, "the

competing interests [that] will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc.*, 300 F.2d at 268). Those interests include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*.

Here, a stay is warranted, although not for an indefinite time. Defendants have informed the Court that Plaintiff is currently out-to-court in Florida, where he has multiple other cases pending. *See* ECF No. 24 at 2. Given the uncertainty regararding those proceedings and travel restrictions related to the ongoing COVID-19 pandemic, Defendants are unable to predict how long Plaintiff will remain in custody in Florida before he is transferred back to California. *Id*. Plaintiff does not express that he opposes the motion to stay, but does reassert his request for appointed counsel "because such counsel can handle all the pre-trial matters without the Plaintiff's presence at California." ECF No. 27 at 3. The Court denied Plaintiff's initial Motion to Appoint Counsel on February 4, 2021. ECF No. 23.

The Court anticipates little to no damage will result from granting a limited stay. The parties have only recently commenced discovery. *See* ECF No. 20. Staying the case at least temporarily would likely make it easier for the parties to conduct discovery and for the Court to manage discovery as needed. Requiring the parties to go forward in this case could cause some hardship to both sides. At the moment, it is unclear whether Plaintiff must be deposed in Florida in order for the parties to meet the deadlines set by the Court's Scheduling Order. ECF No. 24 at 2-3. Further, Plaintiff may find it challenging to prosecute this case while out-to-court dealing with the criminal charges he is facing in another state. *Id*. As the Court has no information that the charges Plaintiff faces in Florida are relevant to this case, the third factor does not weigh for or against granting the requested stay.

Upon due consideration, and good cause appearing, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' *ex parte* motion to stay the case. The case is **ORDERED** stayed for **90 days from the date this order is docketed**. In the meantime, Defendants are **ORDERED** to investigate Plaintiff's status and determine, if possible, when he will return to California so as to be able to be deposed here and to litigate his claims here. Defendants must also explore possibilities for taking Plaintiff's deposition remotely. Before the 90-day stay expires, Defendants may renew their request for a continuing stay. Any such request should explain what Defendants learned through their investigation, and also provide an estimate of when the stay will no longer be needed.

In light of the stay, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion to appoint counsel.

**IT IS SO ORDERED.**

Dated: March 19, 2021

_____
Hon. Larry A. Burns
United States District Judge