UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON BLACHER,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 20cv1270-LAB-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY ATTORNEYS FOR DEFENDANTS**<br><br>[ECF No. 30] |

Plaintiff Marlon Blacher is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's surviving claims include an Eighth Amendment claim against Defendants Villa, Rohotas, Goodson, Allegre and Cowey, and a First Amendment retaliation claim against Defendant Villa. (ECF No. 5 at 8-13). According to Plaintiff's Complaint, all remaining Defendants are employed at Calipatria State Prison, which is under the management of the California Department of Corrections and Rehabilitation (CDCR). (ECF No. 1 at 5-7, 13). All Defendants are represented by Deputy Attorney General Sylvie P. Snyder.

On March 26, 2021, Plaintiff moved the Court to disqualify the Attorney

General's Office from serving as counsel for Defendants based on a conflict of interest. (ECF No. 30). Plaintiff argues that there is a conflict of interest because it is the duty of the Attorney General "to prosecute, not represent" these Defendants who Plaintiff alleges violated multiple laws of the State. (ECF No. 30 at 2). Plaintiff further argues that the interests of the individual Defendants may conflict, which would erode the ability of the attorneys for Defendants "to adequately and effectively represent, simultaneously all the Defendants." (*Id.*).

The Attorney General of California is the "chief law officer of the State" and is charged with seeing "that the laws of the State are uniformly and adequately enforced." Cal. Const., Art. V, § 13. It is also the duty of the Attorney General to "prosecute or defend all causes to which the State, or any state officer is a party in his or her official capacity." Cal. Gov. Code § 12512. As such, the Attorney General may play a "dual role as representative of a state agency and guardian of the public interest." *D'Amico v. Board of Medical Examiners*, 11 Cal.3d 1, 15 (Cal. 1974). An exceptional case may cause the Attorney General to recognize a conflict and consent to special counsel representing a state agency or officer, but no conflict arises in the great majority of these cases. *Id.* (citing Cal. Gov. Code § 11040). "[U]nless the Attorney General asserts the existence of such a conflict, it must be concluded that the actions and determinations of the Attorney General in such a lawsuit are made *both* as a representative of the public interest *and* as counsel for the state agency or officer." *Id.*

The Attorney General's representation of Defendants in this case is proper because Defendants were employed by a state agency, the California Department of Corrections and Rehabilitation (CDCR) during the time at issue in the Complaint. (*See* ECF No. 19 at 2). The Attorney General does

not have a duty to represent Plaintiff's interests in this matter. *See Maeshack v. Avenal State Prison*, No. 1:06-cv-00011-AWI-GSA- PC, 2010 U.S. Dist. LEXIS 20885, at *5-6 (E.D. Cal. Feb. 11, 2010) ("[T]he court finds no authority that the A.G. has a duty to represent the interests of a prisoner in state custody who brings an action against defendants who were acting under color of state law.").

Moreover, the Attorney General has not asserted a conflict of interest here. Nor does this Court find the instant matter to be an exceptional case which would invoke a potential conflict of interest. Civil rights actions by state prisoners against CDCR and its employees are "exceedingly common." *See, e.g., Glynn v. Cal. Dep't of Corr. & Rehab.*, No. 2:11-cv-3165 LKK KJN P, 2012 U.S. Dist. LEXIS 172799, at *2 (E.D. Cal. Dec. 4, 2012). "These cases do not present the type of 'public interest' case which would normally invoke a potential conflict of interest." *Id.*

Plaintiff's second argument regarding the concurrent representation of Defendants does not warrant disqualification either. Plaintiff only states a hypothetical concern that the interests of the individual Defendants may conflict "at some point during the course of this case." (*See* ECF No. 30 at 2). Plaintiff provides no additional facts nor authority to support his position. The Court therefore sees no reason to question Defendants' counsel's representation.

Accordingly, the Court **DENIES** Plaintiff's Motion to Disqualify Attorneys for Defendants.

**IT IS SO ORDERED.**

Dated: April 12, 2021

Hon. Mitchell D. Dembin
United States Magistrate Judge