UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON BLACHER,<br><br>                                    Plaintiff,<br><br>v.<br><br>RALPH DIAZ, et al.,<br><br>                                    Defendants. | Case No.:  20cv1270-LAB-MDD<br><br>**ORDER GRANTING IN PART DEFENDANTS' EX PARTE MOTION TO STAY [DKT. 39]** |

      Defendants have previously been granted two applications to stay this case pending Plaintiff Marlon Blacher's return to California from Florida, where he is currently in custody for various criminal matters. On February 25, 2021, Defendants filed an *ex parte* application to stay the case indefinitely, citing Blacher's unknown return date to California and the need for more time to serve discovery and depose Blacher. (Dkt. 24). Rather than stay the case indefinitely, the Court stayed it for 90 days and ordered Defendants to investigate both Blacher's return date and remote deposition options. (Dkt. 28). On June 15, 2021, Defendants filed a motion to extend the stay, which was set to expire on June 21, 2021, until November 1, 2021, citing largely the same reasons they articulated in their first request. (Dkt. 36). This Court granted the extension request. (Dkt. 37).

Defendants now apply for a third extension until May 1, 2022. (Dkt. 39). They explain that Defendants are still unable to depose Blacher because he is currently in Florida and it remains unclear as to when Blacher will return to California. Defendants also represent that the Florida jail where Blacher is located is unable to accommodate a remote videoconference deposition due to limited equipment and staff. They argue that their inability depose Blacher will greatly prejudice their defense in this matter, and because they believe that Blacher is unlikely to return to California for at least a few more months, they maintain that an extension of the stay until May 2022 is reasonable.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of [] sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In determining whether to grant a stay, "the competing interests [that] will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc.*, 300 F.2d at 268). Those interests include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id*.

The Court anticipates little to no damage will result from granting a limited stay. Blacher is currently out-to-court in Florida, where he has additional hearings and trials for various criminal matters, and he may find it challenging to prosecute this case while engaged in unrelated court proceedings in another state. Requiring the parties to go forward in this case without allowing them to conduct meaningful discovery would pose hardship to both sides. The Court, therefore, **GRANTS IN**

1  **PART** Defendants' *ex parte* motion to stay the case. The case is **ORDERED**
2  stayed until **January 31, 2022**. In the interim, Defendants must file monthly status
3  reports regarding their ongoing efforts to depose Blacher and to ascertain the date
4  of his return to California. In particular, to establish due diligence for any additional
5  extension of this stay, Defendants must explore the possibility of traveling to
6  Florida to depose Blacher and show cause why this alternative does not solve the
7  inaccessibility issue. On January 31, 2022, the stay will automatically expire unless
8  it has been extended in the meantime. Any motion to extend the stay further must
9  be supported by a showing of good cause, along with an estimate of when
10 discovery can resume and an explanation as to why Defendants are unable to
11 travel to Florida to conduct the deposition in person.

12    **IT IS SO ORDERED.**

14 Dated:  October 28, 2021

*[Signature: Larry A. Burns]*
Honorable Larry Alan Burns
United States District Judge