UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MARLON BLACHER, CDCR #G-50077, | Case No.: 20cv1270-LAB-MDD |
|---|---|
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN THE TIME TO APPEAL** |
| vs. | |
| RALPH DIAZ, et al., | |
| Defendants. | |

This matter is before the Court on remand from the Ninth Circuit regarding Plaintiff Marlon Blacher's Notice of Appeal to the Ninth Circuit, in which he alleges that he did not receive notice of the entry of the Court's July 22, 2022 judgment until August 18, 2022. (*See* Dkt. 57). Construing Blacher's Notice of Appeal as a Motion to Reopen the Time to Appeal ("Motion") pursuant to Federal Rule of Appellate Procedure 4(a)(6), the Ninth Circuit stayed proceedings in the pending appeal and remanded the matter to this Court for the limited purpose of resolving the Motion to Reopen. (*See* Dkt. 60 (citing *U.S. v. Withers*, 638 F.3d 1055 (9th Cir. 2011)). After carefully considering the Ninth Circuit's instructions and Blacher's arguments, the Court **GRANTS** the Motion.

## I. BACKGROUND

Marlon Blacher, a state prisoner proceeding *pro se* and *in forma pauperis* ("IFP"), initiated this civil rights action on July 6, 2020, pursuant to 42 U.S.C. § 1983. (Dkt. 1). On September 23, 2020, the Court granted his IFP motion, screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, dismissed some of his claims, and directed the U.S. Marshal to effect service upon the remaining Defendants pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). (Dkt. 5).

On November 19, 2020, the Clerk of the Court received Blacher's Notice of Change of Address to a prison located in Tampa, Florida. (Dkt. 13). On December 31, 2020, Defendants filed an Answer to the Complaint. (Dkt. 19). Blacher then filed a Motion to Appoint Counsel, (Dkt. 22), which was denied by Magistrate Judge Mitchell Dembin on February 4, 2021, (Dkt. 23). Thereafter, in response to Defendants' *ex parte* motion to modify the scheduling order, Judge Dembin issued an Order Setting Briefing Schedule on Defendants' Motion. (Dkt. 25). This Order was served on Blacher at the Tampa address on file, but was returned by the carrier as "Undeliverable" and "Return to Sender, No Such Number, Unable to Forward." (Dkt. 26).

The Court then issued a temporary stay of the case, noting that Blacher was "out-to-court in Florida, where he has multiple other cases pending." (Dkt. 28). This Order was again returned to the Court as "Undeliverable" and "Return to Sender, Attempted-Not Known, Unable to Forward." (Dkt. 32). Blacher subsequently filed three different notices of change of address, indicating a change in his location to the same address in Land O' Lakes, Florida. (Dkt. 33, 34, 38). Following monthly status reports from Defendants, and given Blacher's continued status as out-to-court in Florida, the Court twice more renewed the stay. (Dkt. 37, 40).

On February 1, 2022, Defendants filed a Motion for Summary Judgment for failure to exhaust administrative remedies, (Dkt. 45), as well as a motion to stay

merits-based discovery and the remaining deadlines in the operative Scheduling Order, (Dkt. 46). The Court granted the motion to stay, (Dkt. 53), and the Order was mailed to Blacher but was once again returned as "Undeliverable" and "Return to Sender, Not Deliverable as Addressed, Unable to Forward." (Dkt. 54).

On July 22, 2022, the Court granted Defendant's motion for summary judgment, dismissing the entire case. (Dkt. 55). The Clerk of the Court then entered judgment against Blacher. (Dkt. 56). On August 30, 2022, Blacher filed a Notice of Appeal, in which he stated that he didn't receive the Court's July 22, 2022 judgment until August 18, 2022.[1] (Dkt. 57). Given Blacher's representation, the Ninth Circuit construed the notice of appeal "as a motion to reopen pursuant to Federal Rule of Appellate Procedure 4(a)(6)." (Dkt. 60 at 1). The Ninth Circuit then remanded the appeal to this Court "for the limited purpose of allowing th[is] court to rule on [Blacher]'s August 30, 2022 motion to reopen the time for appeal." (*Id.*). The Ninth Circuit stayed briefing pending this Court's decision. (*Id.* at 2).

Defendants filed an Opposition to the Motion to Reopen the Time for Appeal. (Dkt. 63). Blacher then filed a reply in support of his Motion. (Dkt. 66). With the Court's leave, (Dkt. 67), Defendants filed a Sur-Reply in response to specific points raised for the first time in Blacher's Reply brief, (Dkt. 68).

II. **LEGAL STANDARD**

Federal Rule of Appellate Procedure 4 governs the filing of appeals in civil cases. A notice of appeal generally must be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). "The 30-day time limit of Rule 4(a) is mandatory and jurisdictional." *Hays v. Hamlet*, 587 F. App'x 430, 430 (9th Cir. 2014) (quoting *Pettibone v. Cupp*, 666 F.2d 333, 334 (9th Cir. 1981)). However, Rule 4(a) permits the district court to reopen the time to file an

---

[1] The Notice of Appeal was signed by Blacher on August 23, 2022, and date-stamped by the mail service on August 24, 2023. (Dkt. 57).

appeal under limited circumstances. Rule 4(a)(6) provides:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

The purpose of Rule 4(a)(6) is to "soften the harsh penalty of losing one's right to appeal due to the government's malfeasance in failing to notify a party of a judgment, not to limit a party's statutory right to appeal the district court's final decision on the merits." *Arai v. Am. Bryce Ranches, Inc.*, 316 F.3d 1066, 1070 (9th Cir. 2003) (citing *Nunley v. City of Los Angeles*, 52 F.3d 792, 795 (9th Cir. 1995)). "While Rule 4(a)(6) puts the burden on the moving party to demonstrate nonreceipt, the rule does not mandate a strong presumption of receipt." *Nunley*, 52 F.3d at 795. A party's "specific factual denial of receipt" is sufficient to rebut the presumption of receipt under the common law mailbox rule. *Id.* at 796; *see also Schikore v. BankAmerica Supplemental Retirement Plan*, 269 F.3d 956, 964 n.7 (9th Cir. 2001) (same). "When a movant specifically denies receipt of notice, a district judge must then weigh the evidence and make a considered factual determination concerning receipt, rather than denying the motion out of hand based upon proof of mailing." *Nunley*, 52 F.3d at 796.

### III. ANALYSIS

Under Rule 4(a)(1)(A), a notice of appeal is timely if it is filed within 30 days after the entry of the order or judgment that is the subject of the appeal. Fed. R. App. P. 4(a)(1)(A). Here, this Court's judgment was entered on July 22, 2022, but Plaintiff's Notice of Appeal wasn't filed until August 30, 2022. In support of their opposition to the motion, Defendants attach the Declaration of M. Garcia, an employee of and Mail Room Agent at the Pasco County Jail in Land O' Lakes, Florida, where Blacher is incarcerated. (*See* Dkt. 63-1). Garcia represents that Blacher's legal mail logs demonstrate that the judgement was delivered to the jail on July 29, 2022. (*Id.*, Ex. A at 7). Garcia states that "officers in the housing units are responsible for delivering the mail to the specific inmates, but they generally do this the same day that the housing unit receives the mail during mail pass." (*Id*. ¶ 3). In response, Blacher contends that just because the Order was delivered to the jail on July 29, 2022, that doesn't mean he actually received it on that day. (Dkt. 66 at 1). He maintains that he didn't receive the Order until August 18, 2022. (*Id.*).

First, while it appears that the Order was delivered to Pasco County Jail on July 29, 2022, the Court is unable to confirm (other than by the parties' respective say-so) whether and when that Order actually made it into Blacher's possession. Blacher attempts to introduce various alleged grievances signed by himself and other inmates regarding issues with the jail's mail system. (Dkt. 64). Defendants vehemently contest the validity of these so-called grievances, arguing that they were never received by the jail, nor do they display any stamps or writings indicating their receipt. (*See* Dkt. 68). Indeed, there is no indication in any of Blacher's attachments that these letters/forms were delivered to a jail official or lodged with the jail through a formal grievance process. The Court notes that there are even delineated sections on various of these forms that are specifically designated for a jail staff response and signature, but are completely blank.

(Dkt. 64-5 at 3, 64-6 at 4). Nevertheless, the Court notes multiple mail delivery complications associated with Pasco County Jail throughout the entirety of this case, and it is presently unclear what other mail delays occurred internally at the jail. Although the Court is dubious of Blacher's assertions that he made previous grievances to the jail regarding their failure to properly deliver his mail, the Court is unable to conclude with certainty that he in fact received the Order on the day it was delivered to the jail. And in light of Blacher's assertions otherwise, the Court finds that Blacher has offered a "specific factual denial of receipt" of the judgment prior to the 30-day period for appeal. *Nunley*, 52 F.3d at 796. This is sufficient to rebut the presumption of receipt under the common law mailbox rule. *See id.* Accordingly, the Court finds that the first condition of Rule 4(a)(6) is satisfied. *See* Fed. R. App. P. 4(a)(6)(A) ("[T]he moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry.").

Additionally, this Court's judgment was entered on July 22, 2022. Thirty days after entry of judgment would be August 21, 2022. Blacher's Notice of Appeal is dated August 23, 2022, and date-stamped by the mail service on August 24, 2022. The notice was filed on the docket on August 30, 2022—only nine days after the filing deadline and twelve days after Blacher claims he received notice of the judgment. This satisfies the requirements of Rule 4(a)(6)(B). Lastly, the Court notes there is no indication that any party would be prejudiced by the granting of the instant motion. Therefore, this condition isn't at issue. Fed. R. App. P. 4(a)(6)(C).

Accordingly, the Court finds that Blacher has satisfied the requirements of Rule 4(a)(6) and reopens the time for Blacher to file a timely appeal.

## IV.   CONCLUSION

The motion to reopen time to appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6) is **GRANTED**. In accordance with the Ninth Circuit's

instructions, the Clerk of the Court is directed to serve a copy of this Order on the Ninth Circuit. Plaintiff does not need to file a new notice of appeal.

**IT IS SO ORDERED**.

Dated: June 14, 2023

*Larry A. Burns*

Hon. Larry Alan Burns
United States District Judge